Mavi.y J.
The ease in the Court below seems to be set forth in the record with particularity. The evidence, as well as the charge of Cue presiding judge, seem to he full and completo.
Wi have examined these hi connexion with each other, and are of opinion that the .chavge is applicable and ie-sponsion to evi-ry view which can properly he lal-cn <>1 the evidence, and that tl e pen,oner hVs no cai.se oí' cc n j hunt.
*233 Wó have had no particular part of the charge called to our attention by way of exception, and' suppose there is none in the view of prisoner’s counsel that affords ground for such criticism. - .
The principles propounded to the jury in the Court below, whether they relate to the . grades of homicide or the question of insanity, have been so frequently discussed in this-Cpurt, down to a recent period, that we deem it unnec-' 'essary to repeat them now. They consist with what we regard as the settled and established law of the land.
The grounds talren in arrest of judgment are not ¡enable. These are also settled against the prisoner by recent adjudications in this Court. '*
State vs. Guilford, 4 Jones, 83; State vs. Roberts, 2 Dev. and Bat., 540; State vs. Barnes, 7 Jones, 20.
The record upon which the judgment* below was pronounced, as stated by the Court, follows the precedent in the appendix to 4 Blacks. Com. This has been adopted by Mr. Eaton in bis book of forms, ami approved in this Court, as will be seen in the case of the State vs. Guilford.
The prisoner was tried for a homicide which, for aught that appears, was unprovoked and wanton. He has had fhe benefit; of every proper. safe-guard afforded by the C urts under the rules of law, and the record sent to this Court seems to be free from defects. • * .
This opinion 'must be cortiiied to the Superior Court of law for Johnston County that it may proceed1 to pronounce judgment according to law.